# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| **Darnell McDaniels,** | **Civil No. 08-5184 (JMR/JJG)** |
| Petitioner, | |
| | **REPORT** |
| v. | **AND** |
| | **RECOMMENDATION** |
| **Olmsted County,** | |
| Respondent. | |

---

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes before the undersigned on a petition, under 28 U.S.C. § 2254, for a writ of habeas corpus (Doc. No. 1). Petitioner Darnell McDaniels, now detained at the Olmsted County Adult Detention Center on a work release program, is proceeding pro se. Respondent Olmsted County is represented by James P. Spencer, Assistant Olmsted County Attorney. This litigation is referred for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(a).

In a Minnesota state district court, Mr. McDaniels (McDaniels) was convicted of third-degree controlled substance crime and conspiracy to commit the same, in violation of Minn. Stat. §§ 152.03 and 609.05. He appealed in Minnesota state appellate courts, principally arguing that he did not receive effective assistance of counsel because of a conflict of interest. After the Minnesota Supreme Court denied review, McDaniels brought his current petition for habeas relief, claiming that his convictions violated due process and his right to effective counsel.

**A.      Standard of Review**

The threshold question is the appropriate standard of review.  When determining whether a petitioner can obtain a writ under § 2254, a court looks to § 2254(d), which provides in relevant part,[1]

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in a State court proceeding unless the adjudication of the claim—
>
> (1)      resulting in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States[.]

This standard only permits limited and deferential review of the underlying state court decision. *Greer v. Minnesota*, 493 F.3d 952, 956 (8th Cir. 2007).  The statute contemplates two forms of legal error.

The first is where the state court decision is "contrary to" clearly established federal law. This means the state court not only employed a rule contrary to clearly established law, but also that the state court decision cannot otherwise be reconciled with clearly established law.  *Mark v. Ault*, 498 F.3d 775, 783 (8th Cir. 2007).

The other form of error occurs where the state court decision "involve[s] an unreasonable application" of clearly established federal law.  This means the state court employed the correct rule under clearly established law, but under an objective standard, the rule was not reasonably applied to the facts of the case.  To measure whether the application was objectively reasonable,

---

[1]      The remainder of this paragraph, § 2254(d)(2), provides for relief where a state court makes a decision "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  As the ensuing discussion will demonstrate, McDaniels has not challenged any factual findings from the state courts, nor has he presented evidence that materially contradicts those findings.  It is not necessary, therefore, to consider the standard for reviewing state court findings.

federal courts should accord a level of deference commensurate to the discretion allowed by the underlying rule. *Revels v. Sanders*, 519 F.3d 734, 739-40 (8th Cir. 2008).

When applying these standards, the factual findings of the state courts are presumed to be correct. To defeat this presumption, the petitioner has the burden to present clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Smulls v. Roper*, 535 F.3d 853, 861 (8th Cir. 2008) (en banc). Such evidence must be developed in state court proceedings. In federal habeas proceedings, an evidentiary hearing is permitted only if due diligence was not enough to develop the record in the state proceeding, or if the law has materially changed since the state proceeding. *Mark*, 498 F.3d at 788.

## B.    Ineffective Assistance of Counsel

### 1.    Background

McDaniels principally contends that, because his counsel had a conflict of interest, he did not receive effective assistance of counsel and thus his conviction is invalid.

The record indicates that a public defender was appointed to represent McDaniels in the state court proceedings. During a pretrial hearing on September 15, 2006, counsel informed the district court judge that he had previously represented an informant who was involved in the case. Counsel added that the informant was "not a current client" but, for undisclosed reasons, the informant had called recently.

Counsel did not expressly characterize his former representation of the informant as a conflict of interest. The judge also did not rule on whether there was a conflict of interest, but called the issue a "priority" and asked the public defender's office to handle it.

Other than what transpired at the pretrial hearing, there was no further discussion about the purported conflict. Counsel went on to represent McDaniels at the subsequent jury trial, at

which the informant testified against McDaniels.  As mentioned at the outset, McDaniels was ultimately convicted of various drug crimes.

In his ensuing appeal to the Minnesota Court of Appeals, McDaniels argued in part that he received ineffective assistance of counsel, citing his counsel's purported conflict of interest. To resolve the issue, the appellate court primarily relied on the decision of U.S. Supreme Court in *Cuyler v. Sullivan*.  446 U.S. 335 (1980).

According to its reading of *Cuyler*, the state appellate court ruled that where a defendant lodges no formal objection to a conflict at trial, then in subsequent appeals, the defendant has the burden to establish an actual conflict and prejudice.  The court then held that, because McDaniels had not established an actual conflict, there was no basis to conclude that he received ineffective assistance of counsel.  *State v. McDaniels*, No. A07-473, 2008 WL 2492254 at *2-*3 (Minn. App. June 24, 2008).

In the current habeas proceeding, the respondent chiefly argues that this result is sound and that it comports with clearly established federal law.

## 2.      Applicable Law

The general rule here is, for representation to constitute ineffective assistance under the Sixth Amendment, defects in the representation must influence the outcome of the proceeding. *Mickens v. Taylor*, 535 U.S. 162, 166 (2002).  But two decisions from the U.S. Supreme Court, involving conflicts of interest, have created exceptions to this principle.

The first is *Holloway v. Arkansas*.  In that case, the Court determined that where counsel concurrently represents multiple defendants in a single proceeding, but counsel expressly objects to this representation, prejudice is presumed.  435 U.S. 475, 484 (1978).  This rule was further explored in *Cuyler v. Sullivan*.  If counsel concurrently represents multiple defendants and does

*not* object, the Court ruled, then prejudice is presumed only if the defendant can show an actual conflict that adversely affected the defense. 446 U.S. 335, 348 (1980).

As the U.S. Supreme Court has observed, these exceptions only apply to conflicts arising out of concurrent representation of multiple defendants. It has expressly reserved the issue of whether the same principles should apply to other purported conflicts of interest, such as those that arise out of former representation. *Mickens*, 535 U.S. at 174.

Because the U.S. Supreme Court has yet to consider conflicts from former representation, Eighth Circuit courts take two approaches to analyzing such conflicts. *See generally Winfield v. Roper*, 460 F.3d 1026, 1039-40 (8th Cir. 2006); *Covey v. United States*, 377 F.3d 903, 907-08 (8th Cir. 2004).

The first approach assumes that conflicts from former representation are comparable to those arising from concurrent representation. Under this approach, a court applies either the rule from *Holloway* or from *Cuyler*, depending on whether a formal objection was duly made before the district court. Thus where there is no formal objection, the defendant can establish prejudice by showing that an actual conflict adversely affected the defense. This requires the defendant to specify particular action or inaction by counsel that is attributable to the conflict. *Winfield*, 460 F.3d 1039 (8th Cir. 2006); *United States v. Edelman*, 458 F.3d 791, 807 (8th Cir. 2006).

The second approach, by comparison, does not apply the concurrent representation rules from either *Holloway* or *Cuyler*. It instead falls back on the general rule. So the defendant must establish that, but for the ineffective assistance of counsel, the outcome of the proceedings would have been different. *Winfield*, 460 F.3d at 1039; *Covey*, 377 F.3d at 909.

If counsel made no objection before the district court, the practical difference between these two approaches is one of degree. Pursuant to the first approach, under the rule of *Cuyler*, a

defendant must establish that the performance of counsel was affected. Pursuant to the second approach, under the more general rule, the defendant must instead establish that the outcome of the proceeding would be different. So where the defendant cannot show any prejudice pursuant to *Cuyler*, the defendant also falls short of the showing required by the more general approach. *Winfield*, 460 F.3d at 1040.

### 3. Analysis

The Minnesota Court of Appeals issued two findings that are particularly important here. One is that McDaniels did not object to his representation before the district court; the other is that no material conflict of interest was shown. Since McDaniels offers no clear and convincing evidence to overcome these findings, they are presumed to be correct.

Based on its finding that there was no objection before the district court, the Minnesota Court of Appeals applied *Cuyler*, requiring McDaniels to show an actual conflict that adversely affected the defense. The U.S. Supreme Court, however, has reserved the question of whether *Cuyler* should apply to conflicts arising out of former representation. *See Mickens*, 535 U.S. at 174. As a result, there is arguably no clearly established federal law that contradicts the decision of the Minnesota Court of Appeals.

Assuming its decision is not wholly consistent with federal law, its reasoning can be fully reconciled with, and is reasonable in light of, relevant federal law. Regardless of whether *Cuyler* applies, to show ineffective assistance, there must be some indication that the conflict adversely affected the defense. But the record fails to establish that the purported conflict affected either the representation or the outcome of the proceeding. In these circumstances, a habeas petition under § 2254 is properly denied. *See Winfield*, 460 F.3d at 1039-40.

## C.    Fair Presentation

In his petition, McDaniels also contends that the district court committed two violations of due process.  He alleges, in part, that there was insufficient evidence of conspiracy to support his conviction for that offense.  He also claims that the district court improperly allowed certain evidence at trial.  Regarding the latter issue, the respondent argues that McDaniels did not fairly present a question of federal law during the state proceedings, and therefore, he cannot raise this question in this habeas proceeding.

When undertaking review of a state court decision pursuant to § 2254, a federal court can only consider whether the state court decision violated federal law.  This means a federal court cannot review the decisions of a state court on a question of state law.  *Middleton v. Roper*, 455 F.3d 838, 852, 855 (8th Cir. 2006); *Wenmark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003).

To ensure that state courts have an opportunity to correct purported violations of federal law, a habeas petitioner must fairly present all questions of federal law during the state court proceedings.  Such presentation is accomplished by citing a constitutional right; a constitutional provision; federal constitutional case law; or state case law that discusses federal constitutional law.  *Middleton*, 455 F.3d at 855; *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005).

Where state courts consider an issue pursuant to state law, and an ensuing § 2254 petition reframes the issue to implicate federal law, there is no fair presentation.  So it is not enough for the petition to assert, for the first time, that a state law ruling violates federal due process.  *See Carney v. Fabian*, 487 F.3d 1094, 1096-97 (8th Cir. 2007) (rejecting a petition that claimed, for the first time, that jury instructions violated due process).

To assess whether fair presentation has occurred, the proper source is not the decisions of the state courts, but the filings from the petitioner in the state court proceedings.  *See Middleton*,

455 F.3d at 855-56 (holding that federal courts cannot always infer lack of fair presentation from the decisions of state courts). In the current litigation, the relevant record consists of the filings McDaniel made when seeking review of his convictions by the Minnesota Supreme Court.

Although the respondent does not address McDaniels' argument regarding sufficiency of the evidence, this issue is plainly foreclosed for lack of fair presentation. The record shows that, when he raised this issue, McDaniels did not cite federal law or discuss his federal constitutional rights. As a result, McDaniels cannot advance the issue in his habeas petition.

The record is less clear about the remaining issues. In his briefs to the Minnesota Court of Appeals, McDaniels expressly argued that the district court violated federal due process by admitting certain evidence at trial. In his petition for further review by the Minnesota Supreme Court, he summarily renewed these arguments, even though he did not devote significant legal analysis to them.

Based on this record, it is a close call whether McDaniels fairly presented a question of federal law. But where a decision on fair presentation is difficult, and the underlying merits can be decided more easily, a court may set aside fair presentation and consider the merits. *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999). This Court will do so here.

**D.    Evidentiary Issues**

**1.    Background**

To provide context for the remaining evidentiary questions, it is helpful to recount some factual background first. McDaniel's conviction can be traced to a tip that Officer Daryl Seidel, of the Rochester Police Department, received from Gawain Breed, an informant.

Breed told Seidel that a man known as "Big" was selling crack. Using a police database, Seidel learned that McDaniels had used that name. Seidel subsequently showed Breed a picture of McDaniels, and Breed identified that person as "Big."

Seidel then set up a controlled buy. He instructed Breed to call Big and recorded the call. During the call, Breed offered to buy crack from Big for $100, and Big told Breed to go to a fast-food restaurant. By the time of the anticipated transaction, Seidel and three other officers had the restaurant under surveillance. One of those officers, Deputy Vincent Scheckel, also had a video recorder. And Seidel concealed a wire on Breed.

Breed went to the parking lot of the restaurant and was approached by a woman. At this point, Breed saw McDaniels nearby. After she said, "I'm the one," Breed paid her and received the crack. During his surveillance, Scheckel recognized McDaniels, and he saw the woman go to McDaniels after the sale was complete.

At the subsequent trial, the evidence included the audio recording of the initial telephone call; the audio recording from the wire Breed wore during the sale; and the video recording taken by Scheckel. The district court also received testimony from the officers, Seidel and Scheckel; and the informant, Breed.

Seidel and Scheckel testified that they recognized McDaniels. Seidel said that before the controlled buy, he found information about McDaniels in police records, as well as McDaniels' picture. Scheckel said that he "knew . . . who Big was" but did not explain how he acquired this knowledge. This testimony was received without objection from McDaniels.

In his testimony, Breed supplied an account that was consistent with the audio and video recordings of the event. When asked how he knew McDaniels, Breed also explained that he had

previously bought illegal drugs from McDaniels in a controlled buy in 1997. McDaniels did not object to this testimony and the district court did not call any attention to it.

In briefing to the Minnesota Court of Appeals, McDaniels asserted that the district court's evidentiary rulings violated due process in two different ways. When the officers testified about their knowledge of McDaniels, they implied prior contacts between McDaniels and police, thus introducing improper evidence about his character. And when Breed mentioned the controlled buy from 1997, the district court improperly received past misconduct evidence. Through his habeas petition, McDaniels essentially renews these arguments.

### 2.    Discussion

When a federal court conducts habeas review of a state court conviction, the evidentiary rulings of a state court can only be reviewed for violations of due process. The rulings must be so egregious that the entire trial was rendered fundamentally unfair. *Garcia v. Mathes*, 474 F.3d 1014, 1017 (8th Cir. 2007). Where the evidentiary rulings do not substantially affect the verdict, such that any error from the rulings is harmless, due process is not violated and no habeas relief is available. *Chang v. Minnesota*, 521 F.3d 828, 830 (8th Cir. 2008).

Where evidence implies prior contacts between police and the accused, but that evidence does not expressly mention particular criminal activity, it is not sufficiently prejudicial to violate due process. *Simmons v. Taylor*, 195 F.3d 346, 348 (8th Cir. 1999); *Harris v. Wyrick*, 634 F.2d 1152, 1152-53 (8th Cir. 1980) (per curiam).

And where other evidence of guilt is overwhelming, a fleeting, improper mention of prior misconduct also does not violate due process. *See Hobbs v. Lockhart*, 791 F.2d 125, 127-28 (8th Cir. 1986) (finding no violation of due process, although the district court erroneously admitted evidence of prior drug and prostitution offenses, where evidence of guilt was "overwhelming");

*cf. Batten v. Scurr*, 649 F.2d 564, 569-70 (8th Cir. 1981) (holding that where witness improperly made brief reference to prior drug crime, but the district court issued a curative instruction, there was insufficient prejudice to violate due process).

This Court will assume, strictly for the sake of argument, that the state district court erred by improperly admitting testimony about character and prior misconduct. But this testimony was fleeting. Because McDaniels did not object, it likely received little attention. So by itself, this evidence does not work significant prejudice against McDaniels. And the other evidence against McDaniels—including witness testimony, audio and video recordings—is overwhelming.

The purported evidentiary errors did not substantially affect the verdict and are harmless. There is no prejudice, and therefore, no violation of due process. The evidentiary issues do not entitle McDaniels to habeas relief here.

## E.     Conclusion

Because his appointed counsel had previously represented a material witness, McDaniel argues, his counsel had a conflict of interest and thus provided ineffective assistance of counsel. But no clearly established federal law, as determined by the U.S. Supreme Court, has indicated that such a conflict violates the Sixth Amendment right to counsel. And Minnesota state courts, reasonably applying federal law, found there was no material conflict. Because the state courts' decision did not contradict or unreasonably apply controlling law, it does not supply McDaniels cause for habeas relief.

McDaniels further contends there was insufficient evidence for his conspiracy conviction. To advance this issue in his habeas petition, he must have framed this issue as question of federal law and presented it in state court proceedings. But McDaniels did not do so, and therefore, he cannot obtain habeas relief pursuant to this issue.

McDaniels also contends that the state courts, through their erroneous evidentiary rulings, violated due process. Assuming there was any error, it caused no prejudice to McDaniels, as the evidence for conviction was overwhelming. In the absence of prejudice, there is no violation of due process and thus no basis for habeas relief.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.     McDaniels' petition for a writ of habeas corpus (Doc. No. 1) be **DENIED.**

2.     This litigation be dismissed in its entirety and judgment entered.

Dated this 29th day of May, 2009.                    /s     *Jeanne J. Graham*
_____
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **June 15, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.